NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1982-20

BOARD OF EDUCATION
OF EAST NEWARK IN THE
COUNTY OF HUDSON,

    Plaintiff-Respondent,

v.

KEVIN D. HARRIS (in his
official capacity as Borough
of East Newark Municipal Clerk),

    Defendant-Appellant,

and

E. JUNIOR MALDONADO
(in his official capacity as
Hudson County Clerk),

    Defendant.

_____

> **APPROVED FOR PUBLICATION**
> **April 22, 2021**
> **APPELLATE DIVISION**

Submitted March 26, 2021 – Decided by Order  April 5, 2021
Reformatted and Amplified - April 22, 2021

Before Judges Ostrer, Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. L-1134-21.

Weiner Law Group, LLP, attorneys for appellant
(Mark A. Tamakin, of counsel and on the brief;
Stephen J. Edelstein, on the brief).

Ruderman and Roth, LLC, attorneys for respondent
(Alan C. Roth, on the brief).

The opinion of the court was delivered by

ACCURSO, J.A.D.

On March 24, 2021, defendant Kevin D. Harris, Municipal Clerk of the Borough of East Newark,[1] filed an emergent application for permission to file a motion on short notice to stay, pending appeal, the trial court's order of the day before directing the Borough to conduct an unscheduled municipal election on April 20, and to print ballots for that election within forty-eight hours, that is by March 25. We granted the application on March 25, staying the trial court's order pending our disposition of the motion, and directing Harris to file his brief the following day, Friday, March 26. Plaintiff Board of Education of East Newark, which had obtained the order in the trial court, filed its responsive brief three days later on Monday, March 29.

---

[1] Plaintiff also sued E. Junior Maldonado, the Hudson County Clerk, who has not participated in this appeal. "The Clerk" refers to Borough Clerk Harris unless otherwise specified.

Instead of addressing themselves to the stay request, however, the parties briefed the case on the merits, treating this as a plenary appeal. Neither briefed the stay issue, a tacit acknowledgment that our decision to either grant the stay or deny it, which would necessarily turn primarily on "the soundness of the trial court's ruling," Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013), would effectively moot the appeal either way.

Because of the looming election date and the parties having briefed the merits, we exercised our authority under Rule 2:8-3(b) to decide the case summarily without notice to the parties. See Smith v. Barnegat Light, 219 N.J. Super. 11 (App. Div. 1987) (summarily deciding election matter initially presented on a motion for stay pending appeal); R. 2:8-3(b) (stating the Appellate Division "may summarily dispose of any appeal on its own motion at any time, and on such notice, if any, to the parties as the court directs, provided that the merits have been briefed"). We accordingly issued an order on April 5 with an attached statement of reasons summarily reversing the March 23 order of the trial court and remanding for entry of an order dismissing the Board of Education's complaint. We now file this opinion on the merits.[2]

---

[2] We have, in essence, simply reformatted the statement of reasons supporting our order of April 5, with such additions as necessary to allow the reader a better

By way of brief background, East Newark has a Type I school district, meaning the members of its board of education are appointed annually by the mayor to rotating terms. See N.J.S.A. 18A:12-5 to -9. On September 3, 2020, plaintiff Board of Education passed a resolution, by a 3-2 vote, authorizing the Superintendent of Schools and Board Secretary to draft a ballot question, interpretative statement and resolution to reclassify the East Newark School District from a Type I to a Type II district, in which Board members are elected by the voters. See N.J.S.A. 18A:9-4. Board counsel submitted the resolution, ballot question and interpretive statement to the Borough Clerk the following day, sixty days before the November 3, 2020 general election, in accordance with N.J.S.A. 18A:19-5 and N.J.S.A. 19:60-4.

The Clerk rejected the question as untimely based on Executive Order 177, "An Order to Protect Public Health by Mailing Every Active Registered Voter a [Vote-By-Mail] Ballot Ahead of the General Election," Exec. Order No. 177 (Aug. 14, 2020), 52 N.J.R. 1701(b) (Sept. 21, 2020), which shortened the deadline to submit public questions to August 31 in order "[t]o allow enough

___

grasp of the procedural history, revising to add additional citations and improve the flow of the text, which time did not permit when issuing our order.

A-1982-20

time for the County clerks to print and mail the ballots to voters" in the November 3, 2020 general election.

The Board did not challenge the Clerk's decision. Instead, on March 9, 2021, Board counsel again submitted the question, statement and resolution to the Borough Clerk and to defendant Maldonado, the Hudson County Clerk, for inclusion on an April 20, 2021 special election ballot in East Newark even though the Borough was not conducting an election on that day.

On March 15, the Clerk responded with a lengthy letter explaining that as a Type I school district, East Newark does not "participate in April School Board Elections as such elections are reserved for Type II School Districts." He further expressed his view that the Hudson County Clerk and the County Board of Elections would be unlikely to grant a request by the Borough "at such late notice" to participate in the April 20 Statewide school election, as the things necessary to conduct such an election — ordering voting machines, publishing the necessary notices, scheduling and obtaining poll workers, mailing out sample and vote-by-mail ballots and performing all the other steps necessary — "would in addition to placing an undue hardship on the Municipal Clerks Office; . . . most likely not be completely fulfilled by the April 20, 2021 election." Noting the September 3, 2020 Board resolution "states in the fourth WHEREAS

5

clause that pursuant to N.J.S.A. 18A:9-5, the Board shall provide the Borough Clerk with a copy of the resolution" for inclusion on the ballot in the "next municipal or general election," and, as "the Borough does not have a municipal election," the Clerk concluded "the Resolution should be included in the November 2021 General Election."

Four days later, the Board filed a verified complaint in lieu of prerogative writs and proposed order to show cause demanding defendants place the ballot question and interpretative statement for the reclassification of East Newark from a Type I to a Type II school district on an April 20, 2021 special school election ballot and enjoining defendants from placing the question on the November 2, 2021 general election ballot. Alternatively, the Board asked that the question be placed on the ballot for the June 8, 2021 primary election. In its proposed order to show cause, the Board requested the court "hear this action pursuant to Rule 4:52-1 et seq." and sought "pending the return date" that defendants be "temporarily enjoined and restrained from directly or indirectly . . . causing the Ballot Question to be placed on the ballot for the November 3, 2020 [sic] General Election."

The Board filed its complaint and proposed order to show cause on Friday, March 19. The judge did not sign the order but scheduled a telephone

6

conference with counsel for the following Tuesday afternoon, March 23. Although the Clerk delivered a letter to the judge in advance of the conference explaining his reasons for opposing the entry of the order to show cause, the Clerk was not provided the opportunity to answer the complaint or brief the issues, nor was he advised the court would be proceeding in a summary manner. At the end of that hour-long conference, however, the judge entered final relief on the Board's complaint and ordered East Newark to conduct an unscheduled election in four weeks' time and to print ballots within forty-eight hours.[3]

The judge did not explain the purpose of the conference at the outset of the call, only noting he had read everything the Board had "submitted in support

---

[3] Although there are circumstances that would cause a court to treat a matter as summarily as was done in this instance, see e.g., Enourato v. N.J. Bldg. Auth., 182 N.J. Super. 58, 64-66 (App. Div. 1981), aff'd, 90 N.J. 396 (1982), they are rare, and such treatment was not warranted here, especially considering the lack of notice to defendants that the court intended to proceed summarily. See Grabowsky v. Twp. of Montclair, 221 N.J. 536, 549-51 (2015) (reminding courts that summary disposition in accord with Rule 4:67-1 is appropriate only in very limited settings, and if the court is not proceeding as expressly permitted by rule or statute, the application to proceed summarily must be made on motion with notice or by agreement with the consent of the parties expressed unequivocally); see also Waste Mgmt. of N.J., Inc. v. Union Cnty. Utils. Auth., 399 N.J. Super. 508, 516-19 (App. Div. 2008) (noting Rule 4:52 "does not allow for the entry of an order to show cause for the entry of a permanent injunction"). Although we summarily address this matter, we do so in accordance with a court rule, specifically Rule 2:8-3(b), and both parties were allotted time, albeit only a day or so, to brief the merits.

of this application" as well as the letter from the Clerk "received earlier" that day.[4] The Board argued the ballot question would have been on the November 3, 2020 general election ballot but for Executive Order 177, and given the Governor had entered several subsequent executive orders, including Executive Order 211, "An Order Postponing Upcoming Elections," Exec. Order No. 211 (Dec. 21, 2020), 53 N.J.R. 99(a) (Jan. 20, 2021), which "pushed . . . off [a]ll elections from December through [April 19] — which include any special elections; the fire elections, referendums, all of that was pushed off until April 20," the Board "asked for April 20th." Board counsel argued that if "the Governor can issue whatever orders he wants, and move things along, and change dates and types of elections, . . . then, your Honor, [the Board] think[s]

---

[4] It is clear from the transcript the Clerk's counsel believed, not unreasonably, given that plaintiff was seeking temporary restraints and an interlocutory injunction under Rule 4:52-1, that the purpose of the conference was to allow the parties to be heard on whether the court should sign the order to show cause. Counsel concluded his remarks by saying, "this case, assuming it is going to continue, should continue in the normal course. There is no need for — for what we believe would be a hopeless order to show cause." Counsel added that should the case proceed "in its normal course," the Clerk intended to file a motion to dismiss in lieu of answer.

that in the interest of, of equity, for lack of a better term, that your Honor could move this election."[5]

Counsel for the Clerk countered that what the Governor had postponed and amalgamated on April 20 was "a bunch of school elections." Because East Newark, as a Type I district, did not have school elections, counsel argued the recent executive orders were irrelevant to the timing of putting the reclassification question before the voters in East Newark. Counsel contended "[a]ll the talk about what is fair and what makes sense and what policies should apply all fall [before] the clear absolutely unequivocal language of the statute, because that is what binds us." Counsel asserted N.J.S.A. 18A:9-5 "tells us municipal election or general election" and as East Newark does not hold municipal elections, the only election where the ballot question could be presented to the voters was at the next general election in November 2021.

The judge began his ruling by noting the Board sought "emergent relief under Rule 4:52-1," specifically, an order compelling the East Newark Borough Clerk, as well as the Hudson County Clerk, to place the reclassification question

---

[5] The executive orders promulgated by the Governor in response to the COVID-19 pandemic have been issued pursuant to the emergency powers accorded him under N.J.S.A. App. A:9-34 and -51; the New Jersey Civilian Defense and Disaster Control Act, N.J.S.A. App. A:9-33 to -63 and the Emergency Health Powers Act, N.J.S.A. 26:13-1 to -31.

on the ballot for the April 20 special school board election.  Applying the test for temporary relief in <u>Crowe v. De Gioia</u>, 90 N.J. 126, 132-34 (1982), the judge found the Board established the first factor of irreparable harm because "the inability of the electorate to speak because of mere procedural issues would represent an irreparable harm to the community at large."

As to the reasonable probability of success on the merits, <u>id.</u> at 133, the judge found that factor also favored the Board.  The judge reasoned that Executive Order 177 provided only "procedural reasons" for modifying election deadlines, and "[t]he Torricelli case [<u>N.J. Democratic Party, Inc. v. Samson</u>, 175 N.J. 178 (2002)] has spoken to the . . . flexibility of these issues in light of the more equitable concerns that are present," establishing the Board's likelihood of success on the merits.

Finally, balancing "the relative hardship to the parties in granting or denying relief," <u>Crowe</u>, 90 N.J. at 134, the judge found the equities favored the Board's desire "to allow the electorate to speak as to this particular question." The judge found "[t]he next available opportunity for that would be the election that is scheduled for April 20th."

Apparently central to the judge's consideration of this last point was the argument made by the Board's attorney, not presented in either the verified

complaint or the certifications in support of the order to show cause for interim relief, that the reclassification question needed to go on the ballot before the mayor could expand the number of Board members and thereby allow a newly constituted Board to rescind the September 3, 2020 resolution. The Board's counsel represented to the judge during the telephone conference, and asserts in his brief in opposition to the Clerk's motion for stay pending appeal, that the Borough's mayor opposed the ballot question and was instrumental in the passage of an ordinance increasing the size of the Board from five to seven members, see N.J.S.A. 18A:12-7, to be appointed in May, see N.J.S.A. 18A:12-8.

Counsel asserted "the reason that [the mayor] did that . . . is that so she could pack the Board, wait until after the Board gets packed, and then vote to rescind the resolution all because the Executive Order [177] is silent as to . . . Title 18." Board counsel argued "that just doesn't — it doesn't pass the smell test, . . . because we should have been on the ballot [in November 2020]. There wouldn't have been an issue if the Clerk had followed [Title] 18A or the

A-1982-20

Governor would have mentioned 18A in his Executive Order 177, which he didn't."[6]

Based on Board counsel's argument, the judge reasoned

---

[6] Executive Order 177 states in pertinent part:

> To allow enough time for the county Clerks to print and mail the ballots to voters, the following deadlines are modified as follows: the deadline to submit a public question for November school board elections to the county Clerk by the School Board Secretary, pursuant to N.J.S.A. 19:16-4 [sic], shall be August 31, 2020.

N.J.S.A. 19:6-4 treats removal of members of district boards of election for illegal acts. Noting the apparent typographical error, the Board argued the Executive Order intended to reference N.J.S.A. 19:60-4, which governs the deadlines for school districts to submit public questions under the school elections law. The Board argued because Executive Order 177 did not specifically reference N.J.S.A. 18A:9-5, "[t]he Executive Order doesn't apply to 18A" and the clerk "was wrong for precluding us from putting it on the ballot in November."

The argument is meritless. As counsel for the Borough Clerk explained, N.J.S.A. 18A:9-5 mandates that ballot questions on reclassifying Type I to Type II districts "be submitted at the next municipal or general election which will be held in the municipality," and N.J.S.A. 19:60-4 addresses the mechanics of placing such a question on a municipal or general election ballot. Specifically, N.J.S.A. 19:60-4 requires a board of education to present "any public question to be voted upon by the voters of the district which may be required pursuant to the provisions of . . . Title 18A of the New Jersey Statutes" to the county clerk sixty days "preceding the November school election." The Board understands the interplay between these two statutes because it purposefully presented its September 3, 2020 resolution to the Clerk on September 4, exactly sixty days prior to the November 3 general election, in an obvious effort to comply with both statutes, and referenced same in its complaint at paragraph 27.

A-1982-20

> if there is a determination that is made that the resolution would not be voted upon or not be effected, then there would be no prejudice and the Mayor would be free to proceed with whatever her plan is under the Type 1 jurisdiction. However, if the community does speak and it chooses to adopt the resolution, then . . . the composition of the Board of Education would change to a Type 2 which would be what the community would have wanted and would have otherwise had an opportunity to opine.

The judge noted the current dispute could have been obviated had the question been included on the general election ballot, "which would be in strict compliance with the statute" that a reclassification question be presented to the voters at a general election "but for what might be considered a problematic interpretation of Executive Order 177." The judge concluded "that, among everything, certainly would permit the equitable result that the plaintiffs are looking to from this Court to provide to them."

We cannot agree with the judge's reasoning. This case turns on simple statutory interpretation that we review de novo. See In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020). N.J.S.A. 18A:9-5, which governs submission of a reclassification question in Type I districts, provides in pertinent part that the municipal clerk shall "cause said question to be submitted at the next municipal or general election which will be held in the municipality following the expiration of 35 days from the date of the adoption of the resolution."

A-1982-20

"Municipal election" and "general election" are both defined terms under Title 19, as are "election," "primary election," "special election," "school election," and "any election." See N.J.S.A. 19:1-1.

A "'general election' means the annual election to be held on the first Tuesday after the first Monday in November and, where applicable, includes annual school elections and annual fire district elections held on that date." Ibid. Whereas a "'municipal election' means an election to be held in and for a single municipality only, at regular intervals." Ibid. As the Borough Clerk's counsel advised the judge during the conference, East Newark does not hold municipal elections "because East Newark is a partisan community. Municipal elections are unique to non-partisan municipalities, and they occur in May."[7] See New Jersey Division of Elections, Chronological Election Timelines, https://nj.gov/state/elections/election-chronological-timelines.shtml (last visited April 3, 2021).

---

[7] N.J.S.A. 40:45-7.1, effective January 2011, permits municipalities "governed by the provisions of the 'Uniform Nonpartisan Elections Law,' P.L. 1981, c. 379 (N.J.S.A. 40:45-5 et seq.) [to], by ordinance, choose to hold regular municipal elections on the day of the general election, the Tuesday after the first Monday in November."

A-1982-20

After the Board missed the modified deadline for placing the reclassification question on the ballot for the November 2020 general election, there was no "next municipal election which [would] be held" in East Newark at which the question could be presented to voters. Certainly the April 20, 2021 "special election," defined in N.J.S.A. 19:1-1 as "an election which is not provided for by law to be held at stated intervals" does not qualify as the "next municipal election," particularly as there was no such election scheduled on that date in East Newark when the judge entered his March 23 order.[8]

Despite the Borough Clerk's counsel having explained in the course of the conference that there was no election scheduled in East Newark for April 20, that was obviously not clear to the judge when he entered his order directing the Clerk to place the reclassification question on the ballot "for consideration by the electorate on April 20th of 2020 [sic] as part of that election."[9] The Board's

---

[8] The same is likewise true of the scheduled June 8, 2021 "primary election for the general election," defined in N.J.S.A. 19:1-1 as "the procedure whereby the members of a political party in this State or any political subdivision thereof nominate candidates to be voted for at general elections, or elect persons to fill party offices," the Board's suggested alternative for presentation of the reclassification question to the voters.

[9] The judge chided the Borough Clerk's counsel for not "bring[ing] to the court's attention that nothing has been scheduled," emphasizing he had "nothing in written form . . . as to the lack of existence of this election." We note again,

response: that "[t]he election [could] be held if this was a Type II school district," underscores the error here.

East Newark is not a Type II school district. N.J.S.A. 18A:9-6, which governs reclassification of a Type II district to a Type I district, specifically provides for the reclassification question to be submitted to the voters "at the next annual school election of the district" or "at a special school election." The rationale for presentation of the reclassification question to voters at different elections depending on the type of district is clear — school elections are only conducted in Type II districts where board members are elected. N.J.S.A. 18A:9-5 does not permit a reclassification question to be presented to voters at a school election or a special school election because such elections are not conducted in a Type I district.

As the Borough Clerk's counsel argued to the trial court, "[t]he terms municipal election, general election, primary election, and school election, are not interchangeable. They each mean different things." N.J.S.A. 18A:9-5 does not permit a reclassification question to be submitted to voters in a Type I district

---

however, the Borough Clerk was never provided the opportunity to answer the complaint or brief the issues and was never advised that the court intended to proceed summarily before the judge entered final relief for the Board at the end of the telephone conference.

such as East Newark except at "the next municipal or general election which will be held in the municipality." The trial court accordingly erred in deciding the question could be submitted to the voters at an April 20, 2021 special election consistent with N.J.S.A. 18A:9-5.

Nor do we agree with the trial court that there were any equities present that could override the Legislature's decision as to when a reclassification question could be presented to the voters in a Type I district such as East Newark. First, of course, is the maxim that "equity follows the law." See In re Estate of Shinn, 394 N.J. Super. 55, 67 (App. Div. 2007). Although "the maxim does not bar the crafting of a remedy not recognized by legislation or found in the common law, . . . it does prevent the issuance of a remedy that is inconsistent with recognized statutory or common law principles." Ibid. Stated differently, equity may "soften[] the rigor of the law," Giberson v. First Nat'l Bank of Spring Lake, 100 N.J. Eq. 502, 507 (Ch. 1927), but "will not create a remedy that is in violation" of it. Shinn, 394 N.J. Super. at 67. "Undoubtedly, equity follows the law more circumspectly in the interpretation and application of statute law than otherwise." Giberson, 100 N.J. Eq. at 507. "Were it otherwise, a judge's personal proclivities alone could negate the will of the Legislature." Shinn, 394 N.J. Super. at 68.

Moreover, the Board's equitable argument is constructed on the faulty premise that the Clerk erred in deeming the resolution, ballot question and interpretive statement untimely under Executive Order 177.  That Executive Order remains in effect.  More important, the Board did not timely challenge either the Executive Order or the Clerk's application of it in September 2020 when he refused to put the reclassification question on the general election ballot.

As the Board's presentation of the ballot question to the Clerk was only three or four days out-of-time, the Board might have been afforded relief had it sought recourse to the courts at the time.  See Samson, 175 N.J. at 190 (noting our courts are "directed by principle and precedent to construe [the New Jersey election] laws so as to preserve the paramount right of the voters to exercise the franchise").  Its failure to do so then, however, precludes any consideration of possible error now.  If voters in East Newark were deprived of the ability to "have their voices heard" on reclassification of their school district in last November's general election, it was based on the Board's failures, no one else's.

As for the purported actions of the mayor and Borough council in enlarging the size of the school board to thwart the resolution ever being presented to the voters, we presume, if such occurred, that it was by ordinance,

18

properly noticed and adopted.  See N.J.S.A. 18A:12-6 (providing "[t]he board shall consist of 5 or 7 members as provided by ordinance of the municipal governing body").  We only "presume" because none of those "facts" were presented by any competent evidence in the trial court.  Our review of the record on appeal suggests they were raised only by the Board's counsel in the telephone conference, which, of course, was the only proceeding in the case.

If voters share the sentiments of the trial judge that this purported "board-packing" scheme disenfranchised them, they can vent their ire at the mayor and council members who supported the enlargement by voting them out of office.  Our courts have no place taking sides in that controversy.  See Gilbert v. Gladden, 87 N.J. 275, 287 (1981) (noting "the selection of the manner in which elected representatives exercise their legitimate powers short of a constitutional or statutory violation cannot be remedied by the courts").

Accordingly, we reverse the March 23 order directing a special election to take place in East Newark on April 20, 2021, and enjoining and restraining defendants from placing the Board's September 3, 2020 Referendum Question and Interpretive Statement to reclassify the East Newark school district from a Type I to a Type II district on the ballot for the November 2, 2021 general

election, and remand for entry of judgment dismissing the Board's complaint. We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1982-20